42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Michael D. COLLINS, a.k.a. Donnie Lee Piercy, a.k.a. David
Harrell, Defendant/Appellant.
 No. 93-3722.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 12, 1994.
Decided Dec. 5, 1994.
 
 Before CUMMINGS, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Following a bench trial, Michael Collins was convicted of four counts: (1) attempting to place in baggage or other property which is not accessible to passengers during flight two loaded firearms, aboard an aircraft intended for operation, in violation of 49 U.S.C. Sec. 1472(1)(1)(B); (2) knowingly possessing a handgun while a convicted felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2); (3) knowingly possessing with intent to distribute various controlled substances classified in Schedules II and IV in violation of 21 U.S.C. Sec. 841(a)(1); and (4) knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). Collins was sentenced to a total term of imprisonment of 138 months (60 months on count 4) to be followed by a three-year term of supervised release. On appeal, Collins challenges only the district court's finding that he carried a firearm during and in relation to a drug trafficking crime (count 4).
 
 
 2
 Collins was arrested at the Indianapolis International Airport in February of 1993. At the time, Collins was inquiring about the method of transporting firearms in the baggage section of a TWA flight bound to Dallas-Ft. Worth, Texas. Airport authorities searched Collins' carry-on baggage and discovered two firearms. Collins stipulated to his possession of the two loaded guns in his carry-on bag. Subsequent investigation revealed that earlier that day Collins, using the name of David Harrell, had mailed a package from the post office in Muncie, Indiana to Steve and Cheryl Snider in Celeste, Texas. Collins stipulated to the mailing. The package contained a hollowed-out candle purchased in Muncie, containing drugs. Collins further admitted and stipulated at trial that he had purchased one of the two firearms on that same day also in Muncie, Indiana using the name of Donnie Lee Piercy.
 
 
 3
 Generally, before this court may review a challenge to the sufficiency of the evidence, the defendant must establish compliance with Fed.R.Crim.P. 29(c). United States v. Pless, 982 F.2d 1118, 1122 (7th Cir.1992). The defendant must have renewed his motion for judgment of acquittal either at the close of all the evidence or by post-trial motion within the seven-day period prescribed by Rule 29(c). Id. Noncompliance with Rule 29(c) constitutes waiver on appeal of any challenge to the sufficiency of the evidence. Reversal of a conviction for insufficiency of the evidence is possible only if the defendant demonstrates "a manifest miscarriage of justice." Id. ; see also United States v. Teague, 956 F.2d 1427, 1433 (7th Cir.1992); United States v. Caudill, 915 F.2d 294, 296 (7th Cir.1990). The government argues that strict compliance with Rule 29 applies equally to cases tried before the bench, as was this one, and cases tried to a jury. In a bench trial, however, a plea of not guilty amounts to a motion for acquittal in a jury trial. See United States v. South, 28 F.3d 619, 627 (7th Cir.1994) (quoting United States v. Hon, 306 F.2d 52, 54 (7th Cir.1962) ("[T]here can be little or no need for a formal motion for a judgment of acquittal in a criminal case tried to a court without a jury upon the defendant's plea of not guilty. The plea of not guilty asks the court for a judgment of acquittal, and a motion to the same ends is not necessary.") (citation omitted), overruled on other grounds by United States v. Snow, 507 F.2d 22, 26 (7th Cir.1974)). Accordingly, failure to make a motion for acquittal in a bench trial does not prevent an appellate challenge to the sufficiency of the evidence.
 
 
 4
 An appellant raising a sufficiency of the evidence challenge faces a very "heavy" burden. United States v. Nesbitt, 852 F.2d 1502, 1509 (7th Cir.1988), cert. denied, 488 U.S. 1015 (1989). We will affirm the verdict unless there is no evidence from which the fact-finder could find guilt beyond a reasonable doubt. United States v. Villagrana, 5 F.3d 1048, 1051 (7th Cir.1993). "The test is whether after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Gonzalez, 933 F.2d 417, 436 (7th Cir.1991) (citations omitted). We are obligated to defer to all reasonable inferences drawn by the fact-finder and cannot reweigh the evidence or assess the credibility of the witnesses. Caudill, 915 F.2d at 297.
 
 
 5
 In addition to the defendant's participation in a drug trafficking crime, conviction under Sec. 924(c) requires proof of two elements: "(1) that the defendant used or carried the firearm, and (2) that this use or carrying was during and in relation to a drug trafficking offense."[1] United States v. Woods, 995 F.2d 713, 717 (7th Cir.1993). The district court "found that Collins was armed when he took the candle to the mailbox as he mailed it to his friend in Texas," despite Collins' testimony that he was not armed at that time. See Woods, 995 F.2d at 718 (carrying a gun to protect drugs or money unquestionably constitutes use under Sec. 924(c)). The district court based its finding on circumstantial evidence:
 
 
 6
 "His girlfriend testified that he carried a weapon with him at all times. It is not credible to think that an individual who has guns and who so readily admits to possessing and sending the pills in the mail, would abandon his habit and leave his gun in a motel room."
 
 
 7
 (R. at 13); see Gonzalez, 933 F.2d at 437 (reviewing court must accept circumstantial evidence as support, even sole support, for a conviction); Caudill, 915 F.2d at 297 (reviewing court must leave the credibility of the witnesses solely to the district court's evaluation).
 
 
 8
 The government urges this court to affirm the conviction based on evidence establishing that "Collins kept his revolver at the location where he prepared the drugs for distribution, for the purpose of protecting himself as well as the drugs and any cash." (Br. of Appellee at 9). The government asserts that, although the district court did not rely on this particular analysis in determining that Collins used and carried the gun during and in relation to the drug trafficking crime, this court may rely on any ground appearing in the record in support of the judgment, whether or not that ground was relied upon by the court. Id. (citing Sanchez v. Miller, 792 F.2d 694, 696-97 (7th Cir.1986) (habeas corpus petition), cert. denied, 479 U.S. 1056 (1987)).
 
 
 9
 In the factual stipulation, Collins admitted to having mailed the package at approximately 11:00 a.m. on February 16th. Collins' girlfriend testified that Collins carried his gun "all the time." (Tr. at 32). On cross-examination, however, she admitted to not being able to recall a specific time when Collins was carrying his gun, (Tr. at 41), and admitted to not being able to testify with certainty that Collins carried a gun every single day. (Tr. at 41). Collins testified that he was not carrying a gun at the time of the mailing. (Tr. at 79). When asked about his "habit" of always carrying a gun, Collins characterized such testimony as "offhand speaking," admitting that there were times that he carried a gun, but not all times. (Tr. at 79). Despite the girlfriend's equivocation on cross-examination, we believe the evidence as to Collins' habit of carrying his gun to be credible and a sufficient basis upon which to convict Collins. Evidence of a defendant's habit may establish guilt beyond a reasonable doubt, so long as such evidence constitutes "more than a mere 'tendency' to act in a given manner, but rather conduct that is 'semi-automatic' in nature." Simplex Inc. v. Diversified Energy Systems, Inc., 847 F.2d 1290, 1293 (7th Cir.1988); Fed.R.Evid. 406.[2]
 
 
 10
 Additionally, we note considerable other evidence that Collins utilized a firearm in furtherance of the drug trafficking crime. First, evidence exists establishing that Collins possessed the second gun, the one that he picked up that day, at the time when he mailed the candle. Collins testified that he mailed the candle "around noon"--"before the lunch hour ... [but] close to noon, though, very close." (Tr. at 83).[3] Donald Kennedy, the gun shop employee from whom Collins picked up the gun on February 16th, testified that Collins received the gun "early in the day ... before noon." (Tr. at 67). Collins testified that he walked to both the gun shop and the post office. (Tr. at 105) He stated that the hotel where he was staying was "close to the gun shop" (Tr. at 105), and that "the post office was probably within another six blocks." (Tr. at 105). Second, we note considerable evidence that Collins possessed a gun at the time when he packaged the drugs into the hollowed-out candle. Collins' girlfriend testified that during the brief time that Collins resided with her (approximately two weeks, see Tr. at 31), Collins possessed "a gun and some knives," (Tr. at 31), and that when Collins left he took all his possessions including the gun with him. (Tr. at 34). Collins admitted to having constructed the drug-candle package at his girlfriend's house, (Tr. at 104), and admits to having had his gun in his possession at his girlfriend's house. (Tr. at 106). Accordingly, it seems clear that Collins' gun was in his possession or presence at the time the candle was hollowed out and packed with the drugs. (Tr. at 79). Third, the record reflects that the same day as the mailing, when Collins arrived at the airport, he was carrying two weapons with him. Id.
 
 
 11
 Taking into account all this evidence, and the district court's characterization of Collins' credibility as "shaky at best" ("He had false identification. He lied to qualify for the purchase of the weapon and when he applied for a license to carry a firearm," (R. at 13)), we find ample support for Collins' conviction. This court must "accept circumstantial evidence as support, even sole support, for a conviction," Gonzalez, 933 F.2d at 437, and must leave the credibility of the witnesses solely to the district court's evaluation. Caudill, 915 F.2d at 297. Although the same deference is given to the findings of the trial judge as that applied to a jury determination, United States v. Barletta, 565 F.2d 985, 991 (8th Cir.1977), we do benefit in the case of a bench trial by explicit knowledge of the evidence upon which the fact-finder relied. Accordingly, we hold that the evidence, viewed in the light most favorable to the government, supports the bench's finding of guilty beyond a reasonable doubt.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Although this court has not required a finding of specific intent for conviction under Sec. 924(c), accord United States v. Brown, 915 F.2d 219, 225 (6th Cir.1990), the grand jury charged Collins with "knowingly" using or carrying a firearm in violation of 18 U.S.C. Sec. 924(c). (R. at 4). Accordingly, the district court had to find that the defendant knowingly possessed the firearm. Russell v. United States, 369 U.S. 749, 770 (1962)
 
 
 [2]
 Rule 406--Habit; Routine Practice, provides:
 Evidence of the habit of a person ... whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.
 Federal Rules of Evidence.
 
 
 [3]
 We note the contradiction between this testimony and the factual stipulation in which Collins admitted that he mailed that package at approximately 11:00 am. Additionally, the express mail receipt times the package as having been received at the post office at 11:05 a.m. (Tr. at 118)